## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF ARKANSAS
## FORT SMITH DIVISION

**IN RE: RICKY LYNN ELLISON, Debtor**                    **No. 2:17-bk-70822**
                                                                    **Chapter 7**

**ANGELA ALKIRE ALLARD, Trustee of the**            **PLAINTIFF**
**Ellison Family Trust**

**v.**                              **2:18-ap-7019**

**RICKY L. ELLISON**                              **DEFENDANT**

### ORDER AND OPINION GRANTING SUMMARY JUDGMENT AND
### DENYING DEBTOR'S DISCHARGE

On March 20, 2018, Angela Alkire Allard [Allard], acting in her capacity as trustee of the Ellison Family Trust, filed the instant adversary proceeding against Ricky L. Ellison [debtor]. In her complaint, Allard objects to the debtor's discharge under 11 U.S.C. § 727(a)(2)(A), (a)(3), (a)(4)(A), and (a)(5) and seeks a determination that the debt owed to her as a result of a state court judgment against the debtor and his wife, Sandra Ellison [Sandy], is nondischargeable under 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6). On January 25, 2019, Allard filed a motion for summary judgment together with a supporting brief, statement of undisputed facts, and exhibits. On February 7, 2019, the Court granted the debtor's unopposed motion for an extension of time to file his response. On March 1, 2019, the debtor filed a response to Allard's motion for summary judgment, a supporting brief, and exhibits. Allard did not file a reply to the debtor's response. For the reasons stated below, the Court grants Allard's motion for summary judgment as to her cause of action under § 727(a)(4)(A). As a result, the Court denies the debtor's discharge.[1]

---

[1] Because the Court denies the debtor's discharge under § 727(a)(4)(A), Allard's remaining causes of action are moot.

## Background[2]

On July 27, 2016, Allard prevailed in her state court lawsuit against the debtor and his wife, Sandy. The state court entered judgment in Allard's favor in the amount of $222,197 against the debtor and Sandy, jointly and severally, with pre-judgment interest assessed in the amount of $53,684 and accruing post-judgment at a rate of $36.52 per day. The state court ordered the debtor and Sandy to file verified schedules of their real and personal property within 45 days, specifying the property that they claimed to be exempt. On September 1, 2016, the debtor and Sandy filed their affidavits, claiming that none of their property was subject to execution because property valued at $2300 was exempt; property valued at $4373 was owned by their son, Tam; property worth $5488 had been sold in 2015; and property worth $53,522 was owned by Sandy's and the debtor's business, Rick's Backhoe Services [Rick's Backhoe]. On September 13, 2016, Allard objected to the exemptions claimed by the debtor and Sandy. In December 2016, the debtor sold a 1987 Freightliner truck, a 1983 Great Dane trailer, and a backhoe worth a total of $27,300 to Mark Nichols [Nichols] for $15,500. On January 30, 2017, the state court scheduled a hearing on Allard's objection to the exemptions claimed by the debtor and Sandy for Monday, April 3, 2017. On Friday, March 31, 2017, four days before the hearing was to take place on Allard's objection, the debtor filed his current bankruptcy case under chapter 13.

On July 18, 2017, Allard filed a motion to dismiss the debtor's chapter 13 case, alleging that the debtor had filed bankruptcy in bad faith. The Court held a hearing on the motion on October 12, 2017, and took the matter under advisement. On December 18, 2017, the Court entered its *Order Setting Aside Confirmation Order and Converting Case to Chapter 7* [2017 order]. In its 2017 order, the Court determined that the debtor had filed

---

[2] Unless otherwise indicated, the facts in the background section are based on this Court's prior findings as stated in its December 18, 2017 *Order Setting Aside Confirmation Order and Converting Case to Chapter 7* in case number 2:17-bk-70822. The same order recites a more comprehensive history of the state court litigation between Allard and the debtor and his wife, Sandy.

his bankruptcy case in bad faith but found that conversion to a chapter 7, rather than dismissal, was in the best interest of creditors and the estate.

The Court stated in its 2017 order that after Allard obtained her state court judgment against Sandy and the debtor, "the debtor joined Sandy in her efforts to thwart Allard's collection efforts." Order, 19, Dec. 18, 2017. The Court found that the likely catalyst behind the debtor's sale of the 1987 Freightliner truck, a 1983 Great Dane trailer, and backhoe was Allard's objection to the exemptions that the debtor and Sandy had claimed in state court. The Court also determined in its 2017 order that the debtor scheduled debts that he knew he did not owe "as a result of his reliance on Sandy's instructions or in an effort to create the inaccurate impression that he filed this case to seek relief from unsecured creditors in addition to Allard." Order, 21. The Court further found that the debtor's representation on schedule I that he earned $500 per month from Rick's Backhoe was inconsistent with his testimony during the hearing on Allard's motion to dismiss. Specifically, the Court stated that

> [o]n October 12, 2017, the debtor testified that he is "a nervous, high-strung person, and I work all the time when I feel like it. And I haven't felt like it for about seven years." Hr'g Tr., 185. The same day, he also testified that he works "on and off" but not for Rick's Backhoe. Hr'g Tr., 104-5. Nonetheless, the debtor represented on schedule I in his current case that he earns business income from Rick's Backhoe in the amount of $500 per month.

Order, 15. The Court further determined that the debtor failed to disclose his ownership of mineral interests, a savings account at Bank of the Ozarks, and either two donkeys or two mules in the first set of schedules that he filed in this case on March 31, 2017. The Court also found that although the debtor disclosed the mineral interests in his first set of amended schedules filed on July 18, 2017, he did not disclose his omitted account at Bank of the Ozarks or his ownership of the donkeys or mules until he filed his second set of amended schedules on October 11, 2017, after Allard's attorney took his deposition and learned of the animals. The Court further determined in its 2017 order that the debtor's schedules reflected that he had significantly undervalued a Doolittle cargo trailer

3

at $600 when, according to appraiser Tim Dunn [Dunn],[3] the trailer was worth $2800 to $3200 when the debtor filed his initial schedules. The Court found that the debtor had an "obvious lack of familiarity with the information that he has provided to this Court under the penalty of perjury." Order, 23. The Court also found:

> Based upon the debtor's repeated statements to the effect that Sandy is the one calling the shots, his patent lack of knowledge on matters relating to his past and present financial affairs, and his general demeanor during the October 12 hearing, the Court concludes that the debtor has largely, if not completely, abdicated to Sandy his duty to provide this Court and his creditors with an accurate depiction of his financial affairs, debts, and assets. *See e.g, Doeling v. Berger* (*In re Berger*), 497 B.R. 47, 66 (Bankr. D.N.D. 2013) (the debtor has a duty "to make complete and accurate disclosures on his petition, schedules and statements."); *see also Boroff v. Tully* (*In re Tully*), 818 F.2d 106, 111 (1st Cir. 1987) ("A debtor cannot, merely by playing ostrich and burying his head in the sand, disclaim all responsibility for statements which he has made under oath.") Although courts generally do not find that a debtor's innocent or careless mistakes rise to the level of bad faith, "a debtor's 'reckless disregard for the accuracy of the information contained in his schedules can rise to the level of bad faith.'" *In re Taal*, 520 B.R. at 376 (citation omitted). Additionally, "debtors seeking bankruptcy protection may not 'play fast and loose with their assets or the reality of their affairs.'" *In re Taal*, 520 B.R. at 376 (quoting *Marrama v. Citizens Bank* (*In re Marrama*), 430 F.3d 474, 478 (1st Cir. 2005)). Here, the Court finds that the debtor's baseless scheduling of two unsecured debts that he does not owe; his initial failure to schedule two donkeys (or mules), mineral rights, and a bank account; the contradiction between the debtor's representation on schedule I that he earns regular business income from Rick's Backhoe, his testimony that he has not worked in seven years, and his testimony that he works sporadically but *not* for Rick's Backhoe; and the debtor's initial and continuing undervaluation of the Doolittle trailer are collectively indicative of bad faith that is not mitigated by his impermissible delegation to Sandy of his duty to ensure that his schedules contain accurate information.

Order, 23-24. The question now before the Court is whether the Court's prior findings in this case warrant the denial of the debtor's discharge pursuant to § 727(a)(4)(A) without

---

[3] Dunn appraised Sandy's and the debtor's assets in 2014 in the course of the state court litigation and also testified in this Court at the hearing on Allard's motion to dismiss on October 12, 2017.

4

further litigation.

## Summary Judgment

Federal Rule of Bankruptcy Procedure 7056 provides that Federal Rule of Civil Procedure 56 applies in adversary proceedings. Rule 56 states that summary judgment shall be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to establish the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *Canal Ins. Co. v. ML & S Trucking, Inc.*, No. 2:10-CV-02041, 2011 WL 2666824, at *1 (W.D. Ark. July 6, 2011) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir.1999)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing to former Fed. R. Civ. P. 56(c)). The burden then shifts to the non-moving party, who must show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). The non-moving party is not required to present a defense to an insufficient presentation of facts by the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970) (quoting 6 J. Moore, Fed. Prac. 56.22(2), pp. 2824-25 (2d ed. 1966)). However, if the non-moving party fails to address the movant's assertion of fact, the court may consider the fact undisputed. Fed. R. Civ. P. 56(e)(2). When ruling on a summary judgment motion, the Court must view the facts in the light most favorable to the non-moving party and allow that party the benefit of all reasonable inferences to be drawn from the evidence. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212-13 (8th Cir. 1997); *Ferguson v. Cape Girardeau Cty.*, 88 F.3d 647, 650 (8th Cir. 1996).

## Law & Analysis

Allard argues in her motion for summary judgment that the factual determinations previously made by this Court in its 2017 order entitle her to judgment as a matter of law

5

regarding her cause of action under § 727(a)(4)(A).[4]  According to Allard, the findings of fact and conclusions of law contained in the Court's 2017 order apply to this adversary proceeding under the doctrine of the law of the case.  The Court agrees.  "The law of the case is a discretionary doctrine which provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Arleaux v. Arleaux* (*In re Arleaux*), 229 B.R. 182, 185 (B.A.P. 8th Cir. 1999) (citing *Little Earth of United Tribes, Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 807 F.2d 1433, 1441 (8th Cir. 1986)).  Law of the case is a doctrine that "prevents the relitigation of settled issues in a case, thus protecting the settled expectations of parties, ensuring uniformity of decisions, and promoting judicial efficiency."  *Little Earth of United Tribes, Inc.*, 807 F.2d at 1441 (citation omitted).  "Adversary proceedings in bankruptcy are not distinct pieces of litigation, they are components of a single bankruptcy case . . . ." *Cohen v. Bucci*, 905 F.2d 1111, 1112 (7th Cir. 1990)).  As such, the "law of the case doctrine applies in adversary proceedings in a bankruptcy case . . . ." *In re Pilgrim's Pride Corp*., 442 B.R. 522, 530 (Bankr. N.D. Tex. 2010) (citing *Bordeau Bros, Inc. v. Montagne* (*In re Montagne*), Adversary No. 08-1024, 2010 WL 271347, *5-6 (Bankr. D. Vt. Jan. 22, 2010)).

Therefore, if the Court finds that it has previously decided the elements necessary to deny the debtor's discharge under § 727(a)(4)(A), Allard is entitled to summary judgment as to that cause of action under the doctrine of law of the case.  *See Shubert v. Grasso* (*In re Grasso*), 537 B.R. 216, 219 (Bankr. E.D. Penn. 2015) (citing *Cohen*, 905 F.2d at 1112-13 for the proposition that "prior factual determinations made during the course of a debtor's bankruptcy may be determinative of a debtor's entitlement to a discharge")[5]

---

[4]  Although the Court reaches–and therefore, references–only § 727(a)(4)(A), the Court recognizes that Allard contends that she is entitled to summary judgment on all causes of action under § 727 based on law of the case and all causes of action under § 523 based on collateral estoppel.

[5]  In his response to Allard's motion for summary judgment, the debtor did not file a statement of material facts as to which he contends a genuine dispute exists.

6

Section 727(a)(4)(A) provides for the denial of a debtor's discharge if "the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account."  11 U.S.C. § 727(a)(4)(A).  For the Court to deny the debtor's discharge under (a)(4)(A), it must find that

> (1) the debtor made a statement under oath;
>
> (2) the statement was false;
>
> (3) the statement was made with fraudulent intent;
>
> (4) the debtor knew the statement was false; and
>
> (5) the statement related materially to the debtor's bankruptcy.

*Helena Chem. Co. v. Richmond* (*In re Richmond*), 429 B.R. 263, 307 (Bankr. E.D. Ark. 2010).

The first element under § 727(a)(4)(A) requires that the debtor made a statement under oath.  "The statements made by debtors on their prescribed petitions and schedules are required to be verified under penalty of perjury, and thus have the force and effect of an oath."  *Daniel v. Boyd* (*In re Boyd*), 347 B.R. 349, 355 (Bankr. W.D. Ark. 2006).  The debtor testified at the October 12, 2017 hearing on Allard's motion to dismiss that he signed his petition and schedules.  Hr'g Tr., 123.  Therefore, the Court finds that the first element under § 727(a)(4)(A) has been met.

The second element under § 727(a)(4)(A) requires that the statement made by the debtor under oath was false.  The Court found in its 2017 order that the debtor's original set of schedules filed on March 31, 2017, omitted the debtor's ownership of mineral interests, a bank account, and two donkeys or mules.  Although the debtor later amended his

---

Likewise, the debtor did not argue in his response or supporting brief that the Court's 2017 order failed to establish one or more of the elements required to deny the debtor's discharge under § 727 (a)(4)(A).  Instead, the debtor argued that because Allard comprises almost all of his creditor pool, stripping the debtor of his discharge would be "harsh and unnecessary" and suggested that a better course of action would be for the Court to dismiss the debtor's case with a bar to refiling.

schedules to disclose the assets that he initially omitted, the filing of amended schedules does not relieve the debtor of having made a false oath in the first place. *See Mazer v. United States*, 298 F.2d 579, 582 (7th Cir. 1962); *see also Sholdra v. Chilmark Fin. LLP* (*In re Sholdra*), 249 F.3d 380, 382-83 (5th Cir. 2001). In addition to the assets that the debtor omitted in his initial schedules, the debtor significantly undervalued the Doolittle cargo trailer at $600 when the actual value of the trailer was more than four times that amount. Further, the Court found that the debtor listed two debts that he did not owe. As a result, the Court finds that the second element under § 727(a)(4)(A) has been satisfied.

The third and fourth elements under § 727(a)(4)(A) require that the debtor knew that his statements were false and that the debtor had fraudulent intent. Whether the debtor had the requisite knowledge and intent under § 727(a)(4)(A) is a matter of fact. *Cepelak v. Sears* (*In re Sears*), 246 B.R. 341, 347 (B.A.P. 8th Cir. 2000) (citing *Palatine Nat'l Bank v. Olson* (*In re Olson*), 916 F.2d 481, 484 (8th Cir. 1990)). Because debtors rarely admit to having fraudulent intent, courts may look to surrounding circumstances to ascertain intent. *In re Richmond*, 429 B.R. at 298. Further, reckless indifference to the accuracy of the information that the debtor provided in his schedules and statements is sufficient to prove intent. *Id.* Here, the Court found in its 2017 order the debtor had an "obvious lack of familiarity with the information that he has provided to this Court under penalty of perjury." Order, 23. The Court also determined that the debtor had "largely, if not completely, abdicated to Sandy his duty to provide this Court and his creditors with an accurate depiction of his financial affairs, debts, and assets." Order, 23. Based on its prior factual determinations, the Court finds that the debtor was recklessly indifferent to the accuracy of the information that he provided to the Court, satisfying the third and fourth elements required under § 727(a)(4)(A).

Finally, the fifth element under § 727(a)(4)(A) requires that the false statements relate materially to the debtor's bankruptcy. "A false statement is material if it 'bears a relationship to the [debtor's] business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property.'" *Jacoway v.*

8

*Mathis* (*In re Mathis*), 258 B.R. 726, 736 (Bankr. W.D. Ark. 2000) (quoting *Mertz v. Rott*, 955 F.2d 596, 598 (8th Cir. 1992)).  Because the debtor's false statements related to his assets and property, the Court finds that this element is satisfied.

## Conclusion

For the above-stated reasons, the Court finds that it has previously determined that the elements necessary to deny the debtor's discharge under § 727(a)(4)(A) are present in this case.  Further, the Court finds that judicial efficiency is best served by applying the doctrine of law of the case to this adversary proceeding.  Therefore, the Court grants Allard's motion for summary judgment as to her cause of action under § 727(a)(4)(A) and DENIES the debtor's discharge.

IT IS SO ORDERED.

Ben Barry
United States Bankruptcy Judge
Dated:  07/15/2019

cc:     Tamra Cochran, attorney for Allard
        Donald A. Brady, Jr., attorney for the debtor
        R. Ray Fulmer, II, chapter 7 trustee
        United States Trustee
        All interested parties

9